FILED
 2019 Mar-20  PM 04:50
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| CANAL INSURANCE COMPANY, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ENERGY TRANSPORT LLC d/b/a | ) |
| HARRISON TRUCKING; | )  Case No.: |
| CASSANDRA MORTON; | ) |
| MARATHON PETROLEUM | ) |
| COMPANY; MPLX TERMINALS | ) |
| LLC; MPLX FUELS | ) |
| DISTRIBUTION LLC, | ) |
| | ) |
|    Defendants. | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW Canal Insurance Company ("Canal"), and for its Complaint for Declaratory Judgment, submits the following:

*Parties, Jurisdiction and Venue*

1. This case arises from a claim for property damage following an accident that occurred at Marathon Oil's loading facility in Birmingham, Alabama.

2. Canal is an insurance company incorporated and existing under the laws of the State of South Carolina with its principal place of business located in Greenville, South Carolina.

3. Energy Transport LLC DBA Harrison Trucking ("Energy Transport") is a company organized and existing under the laws of the State of Alabama with its principal place of business located in Huntsville, Alabama.

4. Cassandra Morton ("Morton") is over the age of nineteen years and a resident citizen of Cullman County, Alabama. Upon information and belief, she intends to remain a resident of Alabama.

5. Marathon Petroleum Co. LP ("Marathon") is a Limited Partnership organized and existing under the laws of the State of Ohio. The Partnership's sole member is MPC Investment, LLC, which is organized and existing under the laws of the State of Texas.

6. MPLX Terminals LLC ("Marathon") is a limited liability company organized and existing under the laws of the State of Ohio.

7. MPLX Fuels Distribution LLC ("Marathon") is a limited liability company organized and existing under the laws of the State of Ohio.

8. This is an action brought for declaratory judgment pursuant to 28 U.S.C. §2201 and §2202 and Rule 57 of the *Federal Rules of Civil Procedure*.

9. Federal subject matter jurisdiction exists in this matter pursuant to 28 U.S.C. §1332 because Canal is completely diverse from all defendants and the amount in controversy, as illustrated below, exceeds this Honorable Court's minimum jurisdictional limits of $75,000, exclusive of interest and costs.

10. There is a justiciable controversy which requires the Court to declare the rights, remedies, obligations and liabilities of these parties with respect to a policy of insurance issued by Canal.

### *Facts*

11. On January 15, 2019, Morton was operating an Energy Transport tractor trailer. She arrived at the Marathon Loading Terminal in Birmingham, Alabama to load her trailer with fuel for a customer.

12. Loading arms were attached to the Energy trailer to transfer fuel. Before transfer, Morton was advised that the customer had surpassed its fuel allotment from the Birmingham Terminal and Morton and/or Energy would not be able to take delivery of the load of fuel.

13. Morton climbed back in to her truck and attempted to drive away before the loading rack was disconnected from her trailer. The loading rack and facility incurred more than $80,000 damage in parts, excluding labor.

### *The Policy and Claim Notification*

14. Canal issued a policy of Business Auto liability insurance to named insured Energy Transport LLC d/b/a Harrison Trucking, with an effective date of March 7, 2018 through March 7, 2019. *See* Policy, Exhibit 1.

15. On January 15, 2019, Canal notified Energy Transport that it would not renew the policy based on its negative loss history. *See* Exhibit 2, Notice of Non-Renewal.

16. Despite knowledge of the January 15th accident on the date it occurred, Energy Transport did not notify Canal of the accident until March 7, 2019, upon information and belief, after it had authorized Marathon to repair the loading facility.

17. The policy provides the following coverages:

> ...
> **SECTION II – COVERED AUTOS LIABILITY COVERAGE**
> **A. Coverage**
> We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".
> ...
> We have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defense any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the Covered Autos Liability Coverage Limit of Insurance has been exhausted by payment of judgements or settlements.
> ...
> **SECTION IV – BUSINESS AUTO CONDITIONS**
> The following conditions apply in addition to the Common Policy Conditions:
> **A. Loss Conditions**
>
> **1. Appraisal For Physical Damage Loss**
> ...
> **2.** Duties In The Event Of Accident, Claim, Suit Or Loss
>
> We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:

   **a.** In the event of "accident", claim, "suit" or "loss", you must give us or our authorized representative prompt notice of the "accident" or "loss" include:

      **1)** How, when and where the "accident" or "loss" occurred;
      **2)** The "insured's" name and address; and
      **3)** To the extent possible, the names and addresses of any injured persons and witnesses.

   **b.** Additionally, you and any other involved "insured" must:

      **1)** Assume no obligation, make no payment or incur no expense without our consent, except at the "insured's" own cost.
      **2)** Immediately send us copies of any request, demand, order, notice, summons or legal paper received concerning the claim or "suit".
      **3)** Cooperate with us in the investigation or settlement of the claim or defense against the "suit".
      **4)** Authorize us to obtain medical records or other pertinent information.
      **5)** Submit to examination, at our expense, by physicians of our choice, as often as we reasonably require.

## *Count One – Declaratory Judgment*

18. Canal adopts and incorporates by reference the foregoing as if set forth fully herein.

19. Energy Transport seeks indemnity for property damage to the Marathon Facility.

20. An actual controversy exists with respect to whether Canal owes a duty to indemnify Energy Transport such that a declaration by this Court of the parties' respective rights and obligations under the policy is necessary. Specifically, a controversy exists with respect to:

   a. The applicability of the coverages, conditions and endorsements cited herein and contained within the policy of insurance issued by Canal;

b. Whether Energy Transport complied with conditions precedent to coverage, including but not limited to, the duty to timely report the accident or claim;

c. Whether Energy Transport failed to comply with conditions precedent to coverage by authorizing repair of the facility before notifying Canal of the accident.

21. A real, bona fide controversy exists between the parties with regard to Canal's duties and obligations under the policy as to the existence or extent of coverage for the claims made in the underlying action.

WHEREFORE, Canal prays:

a. The Honorable Court take jurisdiction of this cause;

b. This Honorable Court order, adjudge and decree that there is a bona fide controversy between the parties as to their legal rights, duties, status and liability;

c. That upon final hearing of this cause, this Honorable Court will declare the rights, duties, status and legal relations under the applicable policy of insurance; and

d. Order such other, further or additional relief to which it may be entitled.

Respectfully submitted on this the 20th day of March, 2019.

/s/ John W Johnson II
John W Johnson II (ASB-1471-H69J)
Attorney for Plaintiff
Canal Insurance Company

**OF COUNSEL:**
**CHRISTIAN & SMALL LLP**
505 20th Street North
Suite 1800
Birmingham, AL 35203
Telephone: (205) 795-6588
Facsimile: (205) 328-7234
jwjohnson@csattorneys.com

## PLEASE SERVE VIA CERTIFIED MAIL AT THE FOLLOWING ADDRESSES:

MPLX Terminals LLC
539 South Main Street
Findlay, OH 45840

Marathon Petroleum Company LP
5555 San Felipe
Houston, TX 77056

MPLX Fuels Distribution LLC
539 South Main Street
Findlay, OH 45840

Energy Transport LLC
605 Oakwood Avenue NW
Huntsville, AL 35811

Cassandra Morton
1980 County Road 76
Cullman, AL 35057

[020026-00021/1394459/1]