# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **CANAL INSURANCE COMPANY,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **ENERGY TRANSPORT LLC d/b/a** | ) |
| **HARRISON TRUCKING;** | ) Case No.: 5:19-CV-469 |
| **CASSANDRA MORTON;** | ) |
| **MARATHON PETROLEUM** | ) |
| **CORPORATION; MPLX** | ) |
| **TERMINALS LLC,** | ) |
| | ) |
| Defendants. | ) |
| | ) |

## SECOND AMENDED COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW Canal Insurance Company ("Canal"), and pursuant to this Honorable Court's Order of July 17, 2019 (Doc. 13) and for its Second Amended Complaint for Declaratory Judgment, submits the following:

### *Parties, Jurisdiction and Venue*

1.   This case arises from a claim for property damage a following an incident that occurred at Marathon Oil's loading facility in Birmingham, Alabama.

2.   Canal is an insurance company incorporated and existing under the laws of the State of South Carolina with its principal place of business located in Greenville, South Carolina.

[020026-00021/1446661/1]

3. Energy Transport LLC DBA Harrison Trucking ("Energy Transport") is a company organized and existing under the laws of the State of Alabama with its principal place of business located in Huntsville, Alabama. Upon information and belief, its sole member is Mansour Azizkhani, who is a resident citizen of the State of Alabama, residing at 605 Oakwood Avenue, Huntsville, Alabama, 35811. Upon information and belief, Azizkhani intends to remain a resident of the State of Alabama.

4. Cassandra Morton ("Morton") is over the age of nineteen years and a resident citizen of Cullman County, Alabama. Upon information and belief, she intends to remain a resident of Alabama.

5. Marathon Petroleum Corporation ("Marathon") is a publicly traded corporation organized and existing under the laws of the State of Delaware, trading under ticker symbol MPC on the New York Stock Exchange. Marathon's principal place of business is in Findlay, Ohio.

6. MPLX Terminals LLC ("Marathon") is a limited liability company organized and existing under the laws of the State of Delaware. Upon information and belief, its sole member is Marathon Petroleum Corporation. Marathon's principal place of business is in Findlay, Ohio.

7. This is an action brought for declaratory judgment pursuant to 28 U.S.C. §2201 and §2202 and Rule 57 of the *Federal Rules of Civil Procedure*.

8. Federal subject matter jurisdiction exists in this matter pursuant to 28 U.S.C. §1332 because Canal is completely diverse from all defendants and the amount in controversy, as illustrated below, exceeds this Honorable Court's minimum jurisdictional limits of $75,000, exclusive of interest and costs.

9. There is a justiciable controversy which requires the Court to declare the rights, remedies, obligations and liabilities of these parties with respect to a policy of insurance issued by Canal.

*Facts*

10. On January 15, 2019, Morton was operating an Energy Transport tractor trailer. She arrived at the Marathon Loading Terminal in Birmingham, Alabama to load her trailer with fuel for a customer.

11. Loading arms were attached to the Energy trailer to transfer fuel. Before transfer, Morton was advised that the customer had surpassed its fuel allotment from the Birmingham Terminal and Morton and/or Energy would not be able to take delivery of the load of fuel.

12. Morton climbed back in to her truck and attempted to drive away before the loading rack was disconnected from her trailer. The loading rack and facility incurred more than $80,000 damage in parts, excluding labor.

*The Policy and Claim Notification*

13. Canal issued a policy of liability insurance to named insured Energy Transport LLC d/b/a Harrison Trucking, with an effective date of March 7, 2018 through March 7, 2019. (Doc. 1-1 through 1-12).[1]

14. On January 15, 2019, Canal notified Energy Transport that it would not renew the policy based on its negative loss history. (Doc. 1-13).[2]

15. Despite the January accident, Energy Transport did not notify Canal of the loss until March 7, 2019, upon information and belief, after it had authorized Marathon to repair the loading facility.

16. The policy provides the following coverages:

> **SECTION I – COVERAGES**
>
> **COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> **1. Insuring Agreement**
>
> a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

17. The policy contains the following conditions of coverage:

---

[1] These documents are being served with the Summons and Complaint.
[2] This document is being served with the Summons and Complaint.

2. **Duties In The Event Of Occurrence, Offense, Claim of Suit**

   a. You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

      1) How, when and where the "occurrence" or offense took place;

      2) The names and addresses of any injured persons and witnesses; and

      3) The nature and location of any injury or damage arising out of the "occurrence" or offense.

   b. If a claim is made or "suit" is brought against any insured, you must:

      1) Immediately record the specifics of the claim or "suit" and the date received; and

      2) Notify us as soon as practicable.

   You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

   c. You and any other involved insured must:

      1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

      2) Authorize us to obtain records and other information;

      3) Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

      4) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

    **d.** No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

<em><u>Count One – Declaratory Judgment</u></em>

18. Canal adopts and incorporates by reference the foregoing as if set forth fully herein.

19. Energy Transport seeks indemnity for property damage to the Marathon Facility.

20. An actual controversy exists with respect to whether Canal owes a duty to r indemnify Energy Transport such that a declaration by this Court of the parties' respective rights and obligations under the policy is necessary. Specifically, a controversy exists with respect to:

    a. The applicability of the coverages, conditions and endorsements cited herein and contained within the policy of insurance issued by Canal;

    b. Whether Energy Transport complied with conditions precedent to coverage, including but not limited to, the duty to timely report the occurrence or claim;

    c. Whether Energy Transport failed to comply with conditions precedent to coverage by authorizing repair of the facility before notifying Canal of the accident.

21. A real, *bona fide* controversy exists between the parties with regard to Canal's duties and obligations under the policy as to the existence or extent of coverage for the claims made in the underlying action.

WHEREFORE, Canal prays:

a. The Honorable Court take jurisdiction of this cause;

b. This Honorable Court order, adjudge and decree that there is a *bona fide* controversy between the parties as to their legal rights, duties, status and liability;

c. That upon final hearing of this cause, this Honorable Court will declare the rights, duties, status and legal relations under the applicable policy of insurance; and

d. Order such other, further or additional relief to which it may be entitled.

Respectfully submitted on this the 23rd day of July, 2019.

/s/ John W Johnson II
John W Johnson II (ASB-1471-H69J)
Attorney for Plaintiff
Canal Insurance Company

**OF COUNSEL:**
**CHRISTIAN & SMALL LLP**
505 20th Street North
Suite 1800
Birmingham, AL 35203

[020026-00021/1446661/1]

Telephone: (205) 795-6588
Facsimile: (205) 328-7234
jwjohnson@csattorneys.com


**CERTIFICATE OF SERVICE**

I hereby certify that on **July 23, 2019** a copy of the foregoing was electronically filed with the Clerk of the Court, which sends notification of such filing to counsel of record in this cause:

Energy Transport LLC
605 Oakwood Avenue NW
Huntsville, AL 35811

Cassandra Morton
1980 County Road 76
Cullman, AL 35057

/s/ John W Johnson II
OF COUNSEL

## PLEASE SERVE VIA CERTIFIED MAIL AT THE FOLLOWING ADDRESSES:

MPLX Terminals LLC
c/o CT Corporation System, Registered Agent
4400 Easton Commons Way, Suite 125
Findlay, OH 45840

Marathon Petroleum Company LP
c/o CT Corporation System, Registered Agent
4400 Easton Commons Way, Suite 125
Findlay, OH 45840

[020026-00021/1446661/1]